UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EFFICIENT ENTERPRISE SOLUTIONS, LLC,<br><br>        Plaintiff,<br><br>    -against-<br><br>INNONEO HEALTH TECHNOLOGIES, INC.,<br><br>        Defendant. | 1:23-cv-09437 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff filed the Complaint on October 31, 2023. *See* ECF No. 1 ("Compl."). Plaintiff asserts that jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶ 13. The Complaint alleges that Plaintiff is "a New York State Limited Liability Company with offices located at 99 Wall Street 1335, New York, NY 10005." *Id.* ¶ 11. The Complaint alleges that Defendant is "a Delaware Corporation with offices located at One Boston Place, Suite 200, Boston, MA 02106." *Id.* ¶ 12.

  For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). That means that, "if any of an LLC's members are themselves noncorporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020). By contrast, a corporation is deemed to be a citizen of each state where it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Platinum-Montaur Life Scis.,*

*LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).  In the present case, Plaintiff has not alleged facts sufficient to state the citizenship of either party.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, no later than **November 16, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction in this case, including by alleging the identity and citizenship of all of Plaintiff's members and Defendant's state of incorporation and principal place of business.  If, by that date, Plaintiff is unable to allege complete diversity of citizenship, the action may be dismissed for lack of subject-matter jurisdiction without further notice to the parties.

Dated: November 2, 2023
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge